IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. 06-00080 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER AFFIRMING MAGISTRATE |
| vs. | ) | JUDGE'S ORDER DENYING |
| | ) | DEFENDANT KAI MING WANG'S |
| KAI MING WANG,        (01) | ) | MOTION TO SEVER DEFENDANT |
|     also known as "A Fook," | ) | AND/OR COUNTS FOR TRIAL ON |
| RODNEY JOSEPH, JR., (02) | ) | THE FIRST SUPERSEDING |
| KEVIN A. GONSALVES, (03) | ) | INDICTMENT |
|     also known as "Poncho," | ) | |
| SIAOSI ALAPATI,     (04) | ) | |
| ETHAN MOTTA         (05) | ) | |
|     also known as "Malu," | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING
DEFENDANT KAI MING WANG'S MOTION TO SEVER DEFENDANT
AND/OR COUNTS FOR TRIAL ON THE FIRST SUPERSEDING INDICTMENT

I.      INTRODUCTION.

Defendant Kai Ming Wang ("Wang") moved to sever himself and/or counts for trial on the First Superseding Indictment ("Indictment"). On May 30, 2006, after a hearing on the matter, Magistrate Judge Kevin S.C. Chang denied the motion, concluding that joinder of the offenses and defendants was proper, given the logical relationship between the defendants and the alleged criminal activity.

Wang now appeals that order, arguing that the joinder in the Indictment of him with Defendants Rodney Joseph, Jr. ("Joseph"), Kevin A. Gonsalves ("Gonsalves"), Siaosi Alapati ("Alapati"), and Ethan Motta ("Motta") (collectively,

"codefendants")[1] violates Rule 8(b) of the Federal Rules of Criminal Procedure. Wang argues that there is no logical relationship between alleged actions by Wang and the murders and attempted murder charged against the codefendants. Wang also contends that, even if joinder is proper, he will be manifestly prejudiced by a joint trial and should therefore have a separate trial under Rule 14(a) of the Federal Rules of Criminal Procedure. The court disagrees with Wang and affirms Magistrate Judge Chang.

II.     LEGAL STANDARD.

Pursuant to 28 U.S.C. § 636(b)(1) and Criminal Local Rule 57.3(b), a party may appeal to the district court to reconsider any pretrial nondispositive matter determined by a magistrate judge. Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order may be reversed by the district court only if it is "clearly erroneous or contrary to law." The threshold of the "clearly erroneous" test is high. United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous

---

[1] All defendants are referred to collectively as "Defendants."

standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

III.     BACKGROUND FACTS.

Between 1999 and January 2004, Defendants were allegedly engaged in an illegal gambling enterprise. Indictment, Count 1. The illegal gambling business, or "gameroom," involved card games and electronic video gambling machines that operated continuously for over 30 days and had a gross revenue of $2,000 on any single day. Id.

Wang was allegedly the leader of the enterprise. Indictment, Count 2 ¶ 4(a). He allegedly expanded his criminal enterprise by targeting rival gamerooms and closing them down through force and intimidation. See id. ¶ 5.

In August and September 2003, Wang, Joseph, Gonsalves, and Alapati allegedly conspired to extort the owners of a rival gameroom. Indictment, Count 2 ¶ 9. During that time, Joseph, Gonsalves, and Alapati allegedly used a firearm to rob individuals at the rival gameroom. Id. ¶ 10.

Motta and Joseph were allegedly receiving more money from Wang to provide protection and security than others hired for the same purpose. The Government says that this led to conflict among the security workers. Opp. to Motion at 2. On January 7, 2004, Motta, Joseph, and Gonsalves allegedly gunned down Lepo Taliese ("Taliese"), Romelius Corpuz, Jr. ("Corpuz"),

and Tinoimalu Sao ("Sao"), who had also been hired by Wang to provide security.  Id.  Taliese and Corpuz died; Sao survived with a bullet permanently embedded in his skull.  See id.; Indictment, Count 6 ¶ 2, Count 7 ¶ 2, Count 8 ¶ 2.

On March 29, 2006, a grand jury returned an eight-count First Superseding Indictment.  Count 1 alleges that Defendants "did unlawfully and knowingly conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business."

Count 2 charges Defendants, allegedly led by Wang, with a RICO violation, alleging that they were members of an illegal "enterprise."  Count 2 lists seven racketeering predicate offenses.  Only Racketeering Acts One and Two, which allege that Defendants conducted, financed, managed, supervised, directed, and owned all or part of the enterprise and that they conspired to extort the owners of a rival gambling business, are charged against Wang.  The remaining five Racketeering Acts allege that the codefendants committed murders and an attempted murder.

Count 3 charges Defendants with participating in a racketeering conspiracy.  Counts 4 and 5 charge Joseph, Gonsalves, and Alapati with assaulting individuals at a rival gameroom with a dangerous weapon.  Counts 6 and 7 charge Motta, Joseph, and Gonsalves with murder in the second degree of Taliese

and Corpuz, respectively.  Count 8 charges Motta, Joseph, and Gonsalves with attempted murder in the second degree of Sao.

IV.    ANALYSIS.

    A.    Joinder of Defendants Was Proper Under Rule 8(b).

Wang argues that Magistrate Judge Chang erred in concluding that Wang's joinder with the codefendants was permitted under Rule 8(b) of the Federal Rules of Criminal Procedure.  Wang contends that he "did not participate 'in the same act or transaction or in the same series of acts or transactions'" as his codefendants and that the "sole connection" between counts against Wang and counts against the codefendants "is that [they] involve[] some of the same Defendants as alleged in other counts."  This court concludes that the joinder of Defendants was proper.

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

In applying Rule 8(b), the Ninth Circuit "look[s] to the phrase 'same series of acts or transactions constituting an offense or offenses.'"  United States v. Vasquez-Velasco, 15 F.3d

833, 843 (9th Cir. 1994).  The term "transaction" is interpreted flexibly, and whether a "series" exists depends on whether there is a "logical relationship" between the transactions.  Id.  A logical relationship is typically shown "by the existence of a common plan, scheme, or conspiracy."  Id. at 844.  "Mere factual similarity between events is not a sufficient basis for joinder, nor is the mere showing that the events occurred at about the same time or that the acts violated the same statute."  Id. at 834-44 (citing United States v. Ford, 632 F.2d 1354, 1372 (9th Cir. 1981); United States v. Satterfield, 548 F.2d 1341, 1344 (9th Cir. 1977)).

"Rule 8(b) should be construed broadly in favor of initial joinder."  Id. at 844 (citing Ford, 632 F.2d at 1372; Satterfield, 548 F.2d at 1344).  The goal of "'maximum trial convenience consistent with minimum prejudice' is best served by permitting initial joinder of charges against multiple defendants whenever the common activity constitutes a substantial portion of the proof of the joined charges."  Id.

Wang argues that Rule 8(b) joinder is improper because he "did not participate 'in the same act or transaction or in the same series of acts or transactions'" as his codefendants and because the "sole connection" between counts against himself and counts against his codefendants "is that [they] involve[] some of the same Defendants."

The Indictment bases Wang's RICO liability on: (1) allegations that he conducted, financed, managed, supervised, directed, and owned all or part of an illegal gambling business and (2) allegations that he conspired to extort the owners of a rival illegal gambling business.  Indictment, Count 2 ¶¶ 8-9.  Only Wang's codefendants were charged with separate racketeering predicate acts of:  (1) robbing and aiding and abetting robberies; (2) committing murder; and (3) attempting to commit murder.  Id. ¶¶ 10-14.

In United States v. Eufrasio, 935 F.2d 553, 558 (3d Cir. 1991), the Third Circuit was faced with analogous facts.  In that case, Mario Eufrasio, Gary Iacona (collectively, "the appellants"), and Santo Idone ("Idone") were all charged with RICO violations, attempted extortion, and illegal gambling.  Id. at 557.  The appellants' liability was predicated on attempted extortion, illegal video poker machine gambling, and collection of unlawful debts.  Id.  Only Idone was charged with a separate racketeering predicate act of conspiracy to murder.  The district court denied the appellants' pretrial motions to sever Idone's trial from their own.  Id. at 563.  On appeal, the appellants argued that they should not have been joined with Idone because they "were wholly unconnected with and unaware of the murder conspiracy charged as a racketeering predicate against Idone only."  Id. at 566.

7

> The Third Circuit Court noted:
>
> > Rule 8(b) provides substantial leeway to prosecutors who would join racketeering defendants in a single trial. The rule permits joinder of defendants charged with participating in the same racketeering enterprise or conspiracy, even when different defendants are charged with different acts, so long as indictments indicate all the acts charged against each joined defendant (even separately charged substantive counts) are charged as racketeering predicates or as acts undertaken in furtherance of, or in association with, a commonly charged RICO enterprise or conspiracy. "[J]oinder of a conspiracy count and substantive counts arising out of the conspiracy [is permitted], <u>since the claim of conspiracy provides a common link</u>, and demonstrates the existence of a common scheme or plan."

Id. at 567 (emphasis in original) (citation omitted). The court noted that "the murder conspiracy and all the other acts charged in this case were related and formed a single pattern of racketeering activity, because each was committed in furtherance of the Scarfo enterprise." Id. Thus, the court held, "There was no Rule 8(b) misjoinder of appellants because, consistent with the law of joinder in RICO cases, all the criminal acts charged against each defendant, including the murder conspiracy implicating Idone, were undertaken in furtherance of a single, commonly charged racketeering enterprise and conspiracy." Id.

In the present case, the robbery, murder, and attempted murder charges, as well as the RICO conspiracy, including the RICO predicate offenses charged against Wang, allegedly formed a

8

pattern of racketeering activity, with each act allegedly committed in furtherance of the illegal gambling business enterprise. Because all of the criminal acts charged against each Defendant, including the murder and attempted murder charges, were undertaken in furtherance of the single, commonly charged racketeering enterprise and conspiracy, the Magistrate Judge committed no clear error in finding a "logical relationship" among Defendants' acts, making joinder of Defendants appropriate. See Eufrasio, 935 F.2d at 567; see also United States v. Vasquez-Velasco, 15 F.3d at 844 (noting that a logical relationship is typically shown "by the existence of a common plan, scheme, or conspiracy").

        B.    <u>A Joint Trial is Proper Under Rule 14(a).</u>

Wang also argues that the Magistrate Judge erred in concluding that "a joint trial of these matters is the appropriate way to secure a consistent verdict as to all defendants." Wang contends that, even if joinder under Rule 8(b) was proper, a separate trial is necessary under Rule 14(a) of the Federal Rules of Criminal Procedure because a joint trial will significantly prejudice his trial rights. The court disagrees.

Rule 14(a) provides: "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other

relief that justice requires."  "Rule 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government." Zafiro v. United States, 506 U.S. 534, 538-39 (1993).  However, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."  Id. at 538.

According to the Supreme Court, "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Id. at 539.  The Ninth Circuit says, "The ultimate question is whether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct."  United States v. Campanale, 518 F.2d 352, 359 (9th Cir. 1975).

"The burden of demonstrating prejudice is a difficult one."  Id.  "The defendant must demonstrate that the joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate

trial." United States v. Sherlock, 962 F.2d 1349, 1360 (9th Cir. 1989). The defendant "must also show violation of one of his substantive rights by reason of the joint trial: unavailability of full cross-examination, lack of opportunity to present an individual defense, denial of Sixth Amendment confrontation rights, lack of separate counsel among defendants with conflicting interests, or failure properly to instruct the jury on the admissibility of evidence as to each defendant." Id. (citing United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980)). The defendant "must show more than the fact that a separate trial might offer him a better chance of acquittal." Campanale, 518 F.2d at 359. "The risk of prejudice will vary with the facts in each case." Zafiro, 506 U.S. at 539.

Wang argues that he will be prejudiced in a joint trial because "evidence relating to the counts unrelated to allegations against WANG could easily be interpreted by a jury as proof for Count 1." Appeal at 8. The Ninth Circuit addressed a similar argument in Williamson v. United States, 310 F.2d 192, 197 (9th Cir. 1962). In that case, the defendant argued that, although joinder of the counts in the indictment was permissible under Rule 8, a joint trial would prejudice him. Id. The defendant's "showing of anticipated prejudice consisted of an assertion 'that evidence that might be adduced in connection with the Counts where he is not named as a party defendant will be highly

11

prejudicial to him, and will tend to cause the jury to become confused as to [his] lack of participation in any of said counts.'" Id. The Ninth Circuit affirmed the district court's denial of the defendant's motion to sever, stating, "A general unsupported assertion of prejudice was not enough to justify the severance of counts properly joined." Id. Like the defendant in Williamson, Wang fails to establish prejudice sufficient to warrant a separate trial.

Wang also argues that "a joint trial would effectively allow the admission of 'other act' evidence which would be inadmissible in separate trials." Appeal at 9. Specifically, Wang says that "evidence of alleged conduct by the other codefendants in the murder and attempted murder Counts would not be admitted at the joint trial as proof going to the allegations against WANG." Appeal at 9.

"When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in Richardson v. Marsh, [481 U.S. 200, 211 (1987)], less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539. Indeed, "juries are presumed to follow their instructions." Id. at 540 (citing Richardson, 481 U.S. at 211). "Judicial economy justifies reliance on the jury to follow the instructions of the court that segregate the evidence and limit
12

the applicability of the evidence to each defendant." United States v. Matta-Ballesteros, 71 F.3d 754, 771 (9th Cir. 1995).

In Zafiro, 506 U.S. at 540, the defendants seeking severance argued that "the jury will conclude . . . that at least one of the two [defendants] must be guilty without regard to whether the Government has proved its case beyond a reasonable doubt." The Supreme Court noted that the district court had instructed the jury that: (1) "the Government had 'the burden of proving beyond a reasonable doubt' that each defendant committed the crimes with which he or she was charged"; (2) the jury "must 'give separate consideration to each individual defendant and to each separate charge against him"; and (3) "[e]ach defendant is entitled to have his or her case determined from his or her own conduct and from the evidence that may be applicable to him or to her." Id. The district court had also "admonished the jury that opening and closing arguments are not evidence and that it should draw no inferences from a defendant's exercise of the right to silence." Id. at 541. The Supreme Court concluded that "[t]hese instructions sufficed to cure any possibility of prejudice." Id. (citing Schaffer v. United States, 362 U.S. 511, 516 (1960)).

As in Zafiro, 506 U.S. at 541, this court will provide the jury with limiting instructions stating that the jury must give separate consideration to each defendant and to each separate charge against each defendant, and that each defendant

13

is entitled to have his case determined from evidence applicable to him.  Presuming, as this court must, that the jury will follow the court's instructions, these instructions address Wang's concern that the jury will consider evidence regarding the murders and attempted murder when deciding whether Wang is guilty of the offenses he is charged with.  See id. at 540 (citing Richardson, 481 U.S. at 211); Matta Ballesteros, 71 F.3d at 771 ("Judicial economy justifies reliance on the jury to follow the instructions of the court that segregate the evidence and limit the applicability of the evidence to each defendant.").  Because Wang has not met his burden of showing prejudice and because jury instructions will cure any possible prejudice, the court affirms the Magistrate Judge's conclusion that a joint trial is proper.

V.      CONCLUSION.

The court affirms the Magistrate Judge's Order Denying Defendant Kai Ming Wang's Motion to Sever Defendant and/or Counts for Trial on the First Superseding Indictment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 5, 2006.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**United States v. Wang**; CR. No. 06-00080 SOM; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT KAI MING WANG'S MOTION TO SEVER DEFENDANT AND/OR COUNTS FOR TRIAL ON THE FIRST SUPERSEDING INDICTMENT.